# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **FREDDIE LEE CLAYTON,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **No.  3:09-CV-2048-D** |
| | § | **ECF** |
| **GARLAND POLICE DEPT., et al.,** | § | |
| **DEFENDANTS.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred the Garland Police Department's March 24, 2010 "Motion to Dismiss for Failure to State a Claim (12(b)(6))" (doc. 20) to the United States Magistrate Judge. Plaintiff filed an untimely response (doc. 26).

### Standard of Review

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (Citation and footnote omitted.)  However, legal conclusions need not be accepted as true.  *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401

(5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

## Analysis

The Garland Police Department seeks dismissal on the grounds that the Garland Police Department is not a jural entity.   A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991).   Unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.   *Darby*,  939 F.2d at 313.   Plaintiff failed to show that City of Garland granted the Garland Police Department the capacity to sue or to be sued.   Additionally, the record contains Plaintiff's sworn statement that he "is not sueing [sic] the Garland Police Department Per-Se, only the Garland Police Officers involved in the 10-28-07 illegal arrest on a false murder charge, and false imprisonment."  (Doc. 5, Response to USMJ Questionnaire at 2.)  Additionally, Plaintiff reiterates this statement in a "More Definite Pleading" (doc. 6).   Thus, Plaintiff has failed to state a claim upon which relief can be granted against the Garland Police Department.   The Garland Police Department is subject to dismissal.

Ordinarily, a pro se plaintiff who names a non-jural entity as defendant should be alerted and should be given an opportunity to amend before dismissal of his claims.   *See Parker v. Fort Worth Police Dept.*, 980 F.2d 1023, 1026 (5th Cir. 1993).   However, Plaintiff needs no opportunity to amend to name a jural entity because he has explained that his intent in naming the Garland Police Department was to sue the arresting officers.   The officers are parties.

## Recommendation

The Court recommends that the Garland Police Department's "Motion to Dismiss for Failure to State a Claim (12(b)(6))" (doc. 20) be GRANTED.   The District Court should dismiss the Garland

Police Department, a nonjural entity, by ordering the Clerk to terminate the Garland Police Department as a Defendant.

      Signed, May 11, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).