IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LEE CLAYTON, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | No. 3:09-CV-2048-D | |
| § | ECF | |
| GARLAND POLICE DEPT., et al., § | | |
| DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant Dallas County District Attorney Craig Watkins' ("Defendant Watkins") March 19, 2010 "Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim" (doc. 13) to the United States Magistrate Judge. The time for Plaintiff to file a response to the motion expired on April 3, 2010, and Plaintiff failed to file a timely response.

**Standard of Review**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

## Plaintiff's Allegations

Plaintiff claims that Defendant Watkins violated his constitutional rights by indicting and prosecuting him for the offense of murder in Cause No. F-07-25532. Plaintiff alleges:

> Defendant Watkins knowingly and recklessly held plaintiff in jail for 15 months on a false murder charge; even after the April 4, 2008 DNA testing results (No. FR07-0167) exonerated the plaintiff as the contributor of the DNA; the defendants still did not call for the release of the plaintiff. They instead did a second DNA testing on May 19, 2008 (No. FR07-0167) and that testing also exonerated the plaintiff as the contributor of the DNA and still the defendants did not call for the release of the plaintiff. While in jail the plaintiff wrote the office of defendant Watkins and the Dallas Mornings News stressing that he was in jail on a false murder charge without proof or valid evidence, all to no avail.
>
> * * *
>
> On February 19, 2009 all charges were dismissed and the plaintiff was released. After being held in jail for 15 months, DNA being tested twice that excluded the plaintiff as a contributor the plaintiff is exonerated of a false murder charge and released to go home.

(Doc. 1 at 3-4.) This Court sent Plaintiff a Questionnaire requesting that Plaintiff state all facts that support his claim against Defendant Watkins (doc. 4). Plaintiff responded: "Craig Watkins personally had Plaintiff indicted on a false murder charge. And held the Plaintiff for 15 months on a false murder charge." (Doc. 5 at 5.) Plaintiff restated these same allegations in his "More Definite Pleading to U.S. Magistrate Questionnaire" (doc. 6). Plaintiff is suing Defendant Watkins only in his individual or personal capacity.[1] (Doc. 6 at 5 -6.)

---

[1] Defendant Watkins is a state official. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and is no different from a suit against the state itself. *Brandon v. Holt,* 469 U.S. 464, 471 (1985). See, *e.g., Kentucky v. Graham,* 473 U.S. 159, 165-166 (1985). Accordingly, if Plaintiff had sued

The District Attorney seeks dismissal on the grounds that state prosecutors are absolutely immune from civil damage claims for their quasi-judicial actions taken in connection with a criminal prosecution. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Prosecutors are absolutely immune in a civil rights suit for any action taken pursuant to his or her role as a prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Additionally, absolute immunity protects supervisory prosecutors from claims that their supervision, training, or information-system management was constitutionally inadequate. *Van de Kamp v. Goldstein*, __ U.S. __, 129 S.Ct. 855, 865, 172 L.Ed.2d 706, 718 (2009). Again, by way of example of the extent of prosecutorial immunity, the Court notes that absolute immunity has been upheld even where a prosecutor maliciously used perjured testimony, intentionally withheld exculpatory evidence, and failed to make a full disclosure of facts that cast doubt upon the State's case. *McCoy v. Gordon,* 709 F.2d 1060, 1062 (5th Cir. 1983). Similarly, the Fifth Circuit also has held that the filing of criminal information without investigation and instituting arrest and search proceedings without probable cause were necessary and integral parts of a prosecutor's duty which were protected by absolute immunity. *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979).

Plaintiff alleges he is entitled to damages from Defendant Watkins solely because he indicted

---

Defendant Watkins in his official capacity, Defendant Watkins would be entitled to invoke the state's Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n. 10 (1989); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.1993) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

and prosecuted Plaintiff for murder and failed to dismiss the case as soon as Plaintiff's two DNA tests came back negative.  Defendant Watkins' actions in deciding when to indict and when to dismiss the indictment were taken solely in his adjudicative role as prosecutor.  Accordingly, Defendant Watkins is entitled to absolute immunity as a matter of law.

### Recommendation

The District Court should grant Defendant Watkins' March 19, 2010 "Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim" (doc. 13) and dismiss with prejudice Plaintiff's claims against Defendant Watkins.

SO RECOMMENDED, this 11th day of May, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).