IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LEE CLAYTON, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | No. 3:09-CV-2048-D | |
| § | ECF | |
| GARLAND POLICE DEPT., et al., § | | |
| DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant Dallas County Sheriff Lupe Valdez's ("Sheriff Valdez's") March 17, 2010 "Motion to Dismiss Under Rule 12(b)(6)" (doc. 12) to the United States Magistrate Judge. The time to file a response expired on April 7, 2010, and Plaintiff failed to file a timely response.

**Standard of Review**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). "[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, irrespective of a plaintiff's pro se status, to avoid dismissal, pleadings must show specific, well-pleaded facts, not merely conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### **Plaintiff's Allegations**

Plaintiff claims in his pleadings that Sheriff Valdez violated his constitutional rights by holding him in the Dallas County Jail for fifteen months pursuant to the indictment in Cause No. F07-25532. Specifically, he alleges:

> The defendant Valdez recklessly held plaintiff in jail for 15 months on a false murder charge with no proof or [sic] guilt.
>
> * * *
>
> At bar, each defendant caused, had or subjected the plaintiff to being falsely imprisoned on a false murder charge and did so with obduracy and wantonness.

(Doc. 1. at 3, 4). In response to the United States Magistrate Judge's Questionnaire requesting that Plaintiff state all facts against Sheriff Valdez, he states: "Lupe Valdez personally held Plaintiff from 10-28-07 until 2-19-09 in her Jail on a false murder charge. Even after (2) DNA test [sic] exonerated him on 4-4-08 and 5-19-08." (Doc. 5 at 4.) Plaintiff restates these same allegations in the "Plaintiff's More Definite Pleading to U.S. Magistrate Questionnaire of 11-10-09." (Doc. 6 at 4-5.) Plaintiff also adds that he is suing Sheriff Valdez only in her individual capacity. (*Id.*)

**Analysis**

Sheriff Valdez argues that Plaintiff's conclusory allegations are not sufficient to state a claim against her under 42 U.S.C. § 1983 and that if they did state a claim, she is entitled to absolute immunity from both suit and liability for any damages stemming from Plaintiff's confinement in the Dallas County Jail. (Mot. at 4.)

To recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). To prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.,* 66 F.3d 1402, 1406 (5th Cir. 1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's "state action" requirement and § 1983's "under color of state law" requirement collapse into a single inquiry. *Id.* An official has legal authority for detaining another where the detention is executed by virtue of legally sufficient process issued by a court of competent jurisdiction. *Pete v. Metcalfe*, 8 F.3d 214, 218-19 (5th Cir. 1993). In this case, there is no question that Sheriff Valdez was acting under color of state law in detaining Plaintiff.

"A supervisory officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability." *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). The Dallas County Jail is under the authority of Sheriff Valdez, but Plaintiff has alleged no underlying facts to show that Sheriff Valdez herself actually violated his constitutional rights. *See Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 365 (5th Cir. 2007).

In his Original Complaint, Plaintiff admits that Garland police officers arrested him and that they had a warrant for his arrest, although he alleges the warrant was invalid. (Doc. 6 at 2.) Plaintiff has alleged no theory whereby Sheriff Valdez could be held personally liable for action of an officer employed in a different jurisdiction. Plaintiff also admits that Garland police transferred him to the Dallas County Jail after his arrest, and that he was subsequently indicted for murder. (Doc. 1 at 3.) Plaintiff alleges that his claim against Sheriff Valdez arises from his pre-trial confinement in the Dallas County Jail "with no proof of guilt." (Doc. 1. at 3.) This allegation is conclusory, patently frivolous, and fails to state a claim.

Plaintiff also alleges that Sheriff Valdez should have released him when DNA tests "exonerated him" on 4/4/08 and 5/19/08. (*Id*. at 4.) This is another conclusory allegation unsupported by facts. DNA testing alone does not always resolve a case. Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent. *See House v. Bell*, 547 U.S. 518, 540-548 (2006). Plaintiff has alleged no personal involvement by Sheriff Valdez in the alleged violations of his constitutional rights. He makes no allegation that she directly caused any alleged constitutional violation, or that she was deliberately indifferent to a violation of his constitutional rights. He identifies no specific incident or causative link between his claims and conduct on the part of Sheriff Valdez, but merely bases his claims against her on his conclusory allegations that she held him illegally. The Court finds that Plaintiff's false imprisonment claims against Sheriff Valdez are based solely on her supervisory role, and they should be dismissed for failure to state a claim upon which relief may be granted. The alleged facts do not raise a right to relief above the speculative level or state a plausible claim against Sheriff Valdez.

Sheriff Valdez argues that Plaintiff's confinement was pursuant to court order and that she is thus absolutely immune as a matter of law. (Mot. at 4.)  Absolute immunity extends to officials who perform judicial functions in accordance with a court directive.  *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).  Because Plaintiff fails to state a claim against Sheriff Valdez, the Court need not determine whether she enjoys absolute immunity against Plaintiff's purported false or illegal imprisonment claims.

### **Recommendation**

Plaintiff fails to state a claim against Sheriff Valdez under FED. R. CIV. P. 12(b)(6).  Accordingly, Plaintiff's claims against Sheriff Valdez should be dismissed with prejudice.

SO RECOMMENDED, May 11, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).