IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LEE CLAYTON, § | | |
|     PLAINTIFF, § | | |
| § | | |
| v. § | No. 3:09-CV-2048-D | |
| § | ECF | |
| GARLAND POLICE DEPT., et al., § | | |
|     DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the August 11, 2010 "Supplemental Motion to Dismiss" (doc. 37) of Dallas County Sheriff Lupe Valdez ("Sheriff Valdez") and Dallas County District Attorney Craig Watkins ("DA Watkins") to the United States Magistrate Judge. Plaintiff Freddie Lee Clayton ("Plaintiff") filed a response to the motion on August 23, 2010 (doc. 39). Plaintiff filed a motion for hearing, but the Court found that a hearing is not required.

**Background**

On October 28, 2009, Plaintiff filed this §1983 suit against the Garland Police Department, various Garland police officers and detectives, Sheriff Valdez, and DA Watkins. (Doc. 1). Plaintiff's claims arise from his fifteen-month pre-trial detention in the Dallas County Jail. Plaintiff was charged with the offense of murder in state court Cause Number F07-25532. After an extensive investigation, the murder charge was dismissed. Plaintiff alleges that he is actually innocent and that Sheriff Valdez and DA Watkins are individually liable to him for the sum of $25,000 in damages arising from his confinement. (Doc. 36).

Defendants filed motions to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. (Doc. 12; Doc. 13). This Court recommended dismissal of all claims against Sheriff Valdez and DA Watkins. (Doc. 31; Doc. 32). On June 28, 2010, the District Court adopted this Court's

recommendations and granted the motions to dismiss of both Sheriff Valdez and DA Watkins. (Doc. 34). The District Court granted Plaintiff leave to file an amended complaint to remedy the deficiencies of his Original Complaint because he is proceeding pro se,. (Doc. 34, p. 1). Plaintiff filed an Amended Complaint on July 26, 2010, asserting the identical allegations as those found in Plaintiff's Original Complaint. (Doc. 36).

**Analysis**

Sheriff Valdez and DA Watkins assert that Plaintiff's Amended Complaint fails to assert facts that state a claim against them. They request that Plaintiff's claims against them must be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). When the District Court allowed Plaintiff to file an amended complaint, it cautioned Plaintiff that "[t]he amended complaint must state claims against Sheriff Valdez and Watkins on which relief can be granted." (Order, doc. 34.)

Plaintiff's Amended Complaint suffers from the same deficiencies the Court noted in the Findings, Conclusions, and Recommendations entered on May 11, 2010 and adopted on June 28, 2010. Plaintiff only reiterates the facts the Court previously determined to be insufficient to state a claim. (Amended Complaint, doc. 36.) For the same reasons set forth and adopted, the Amended Complaint should be dismissed with prejudice with respect to Plaintiff's allegations against Sheriff Valdez and DA Watkins.

**Recommendation**

The District Court should grant the "Supplemental Motion to Dismiss" of Sheriff Valdez and DA Watkins and dismiss with prejudice all of Plaintiff's claims against Sheriff Valdez and DA

Watkins arising from his pretrial detention on a murder charge.

Signed, October 21, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).